Mr. Justice Thacher
delivered the opinion of the court.
This was an action of assumpsit instituted in the circuit court of Jasper county.
NathanWarner, the presidentof the board of trustees of schools and school land, in township number three, of range number thirteen, east, and the successor in office of Ezekiel Land, a former president of said board, instituted an action upon a promissory note payable to Ezekiel Land, president of the board of trustees in township three, of range thirteen, east, or his successor in office. The declaration avers that by the description of the p ayee of the note was meant Ezekiel Land, president of the board of trustees of schools and school land, in township number three, of range number thirteen, east, or his successor in office. A demurrer was filed to this declaration, assigning for cause that it does not appear thereby that said Ezekiel Land indorsed the note sued on to the plaintiff in the action, nor that the note was payable to any person who could assign the same so as to enable the assignee to sue in his own name, nor that the note was payable to no person who has by law a successor in office. This demurrer was overruled, and the defendants below declining to plead over, judgment was rendered for the defendants in error.
The only question which can arise in this case, is whether the description of the payee could properly be supplied by averments in the declaration. The description alone séems certain and without ambiguity, that is to say, there is nothing in it that renders its apparent meaning doubtful. If there be any ambiguity, it arises from collateral matter out of the instrument. 1 Sug. on Vend. 181. The ambiguity lies hidden in the character of the person of the payee, and the averment shows that it can, if questioned, be dissolved by extrinsic evidence. Storer v. Freeman, 6 Mass. 440; Webster v. Atkinson, 4 New Hamp. 21; Peisch v. Dickson, 1 Mason, 10.
Judgment affirmed.